UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Larry Alexander,                     :
      Petitioner,              :
                            :
      v.                       :        File No. 1:07-CV-114
                            :
Vermont State Hospital,              :
      Respondent.              :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 6)

Since 2005, *pro se* petitioner Larry Alexander has been involuntarily committed to the Vermont State Hospital.  He now brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his commitment.  In his petition, Alexander raises two claims: (1) that his attorney denied him his right to appeal the initial commitment order; and (2) that the state court erred when it based the commitment upon, in Alexander's words, "a team of atheist-psychiatrists [who] believed my devotion to my God was insane."  The respondent contends, among other things, that Alexander failed to exhaust his state court remedies.  For the reasons set forth below, I agree and recommend that Alexander's petition be DISMISSED without prejudice.

Factual Background

Alexander has been held at the Vermont State Hospital since April 15, 2005, when he was ordered to undergo an

inpatient forensic examination.  Following the examination,

he was committed to the Vermont State Hospital for a period

of ninety days.  That period has since been extended for

successive one year periods.

At the time of his initial commitment, Alexander was

found by Vermont District Court Judge Cashman to be

suffering from a "major mental illness, for which he has not

been accepting treatment."  (Paper 11-2 at 1).  In extending

Alexander's commitment through late 2006, Judge Reiss of the

Vermont Family Court found "to a reasonable degree of

medical certainty," based upon the testimony of Alexander's

treating psychiatrist, that Alexander suffered from "a

Bipolar Disorder currently in a manic phase as exhibited by

his delusional beliefs and his irritable, angry and

aggressive mood."  (Paper 11-3 at 6).  The Family Court made

similar findings in 2007.  (Paper 11-4 at 7-12).

There is no indication in the record that Alexander

appealed the initial commitment order by Judge Cashman.  He

claims that his failure to appeal was due to advice from his

attorney, who reportedly told him "repeatedly that I could

not appeal the June 3, 2005 judgement."  (Paper 1 at 4)

(emphasis in original).  Alexander now argues that Judge

Cashman "took 'liberties beyond the law'" (Paper 2 at 4) and

was "'blinded' to the truth" when he believed the State's

medical witnesses. (Paper 1 at 4).

While Alexander's attorney did not appeal the fact of

his commitment in 2005, he did appeal Alexander's

involuntary medication.  Specifically, counsel argued that

Alexander was competent to refuse medication, and that his

refusal to take medication was protected under the federal

Religious Land Use and Institutionalized Persons Act.

(Paper 2-2 at 12).  The Vermont Supreme Court ruled in

Alexander's favor, finding "nothing in the [lower] court's

decision that would support any determination as to whether

patient is competent to refuse medication," and remanded the

case for further proceedings.  In re L.A., 181 Vt. 34, 41

(2006).  More recently, Alexander brought a *pro se* appeal

with respect to his continued commitment and involuntary

medication.  In re L.A., 2008 WL 442144 (Vt. Jan. 11, 2008).

That appeal was unsuccessful.  Id.

## Discussion

The respondent asserts that Alexander failed to exhaust

his state court remedies.  When a person who has been

involuntarily committed files a petition under § 2254, a

3

federal court may review the petition "provided that the

petitioner has exhausted his state court remedies."  Hunter

v. Gibson, 2008 WL 383513, at *3 (W.D.N.Y. Feb. 14, 2008);

see Buthy v. Comm'r of Office of Mental Health of New York

State, 818 F.2d 1046, 1051 (2d Cir. 1987).  The purpose of

exhaustion is to give the state court an opportunity to

correct any errors in the state process.  See Wilwording v.

Swenson, 404 U.S. 249, 250 (1971).  "[I]n a federal system,

the States should have the first opportunity to address and

correct alleged violations of state prisoner's federal

rights."  Coleman v. Thompson, 501 U.S. 722, 731 (1991)

(citations omitted).

     In order to satisfy the exhaustion requirement, a

petitioner must have presented his claim to the highest

court of the state.  See Fama v. Commissioner of

Correctional Services, 235 F.3d 804, 808-09 (2d Cir. 2000)

(citing Picard v. Connor, 404 U.S. 270, 275 (1971));

O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  While Vermont

law provides avenues for direct appeal, post-conviction

relief and state habeas corpus,[1] a petitioner need not

---

[1]  See 12 V.S.A. § 2383 et seq. (direct appeal); 13 V.S.A. §§ 7131-37
(post-conviction relief); 12 V.S.A. §§ 3951 et seq. (state habeas corpus).
Furthermore, it appears that a person who has been involuntarily committed may
a bring a challenge under Vermont's habeas corpus statute.  See In re M.B.,
177 Vt. 481, 482-83 (2004).  The Vermont's post-conviction relief statutes do

exhaust each of these remedies so long as he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.

Here, Alexander claims that he failed to appeal because his attorney told him he could not.  For purposes of the pending motion, the Court will accept this allegation as true.  Nonetheless, there is nothing in the record indicating that Alexander ever brought an ineffective assistance claim in state court.  Accordingly, the Court should find that any claim alleging errors by counsel is unexhausted.  See, e.g., Kent v. Smith, 2007 WL 2907350, at *3 (N.D.N.Y. Oct. 4, 2007).

Similarly, there is no indication that Judge Cashman's June 2005 decision was ever challenged on appeal.  Questions related to involuntary medication have been appealed, and Alexander has challenged the continuation of his confinement via his recent *pro se* appeal, but the initial commitment decision was never appealed or collaterally attacked in state court.  This issue too is, therefore, unexhausted.

---

not have a limitations period.

Because each of Alexander's claims in his § 2254 petition
are unexhausted, his petition should be DENIED without
prejudice.

    As a final matter, Alexander has filed a petition for a
writ of certiorari in addition to his § 2254 petition.
(Paper 6).  The caption on the filing states "In the Supreme
Court of the United States" and purports to be challenging a
decision by the Washington County Family Court.  Because a
petition for writ of certiorari must be filed with the Clerk
of Court for the United States Supreme Court, the petition
should be DENIED without prejudice due to improper filing.
See Supreme Court Rule 13.

Conclusion

    For the reasons set forth above, I recommend that
Alexander's petition for a writ of habeas corpus (Paper 1),
filed pursuant to 28 U.S.C. § 2254, and his petition for a
writ of certiorari (Paper 6) each be DENIED without
prejudice, and that this case be DISMISSED.



    Dated at Burlington, in the District of Vermont, this

13<u>th</u> day of March, 2008.

                             <u>/s/ Jerome J. Niedermeier</u>
                             Jerome J. Niedermeier
                             United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).